NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0517n.06

No. 08-4157

**FILED**
**Aug 17, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| OSCAR OLEA-CORONADO, | ) THE SOUTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

Before: KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Oscar Olea-Coronado appeals his conviction for conspiracy to distribute between 100 and 1000 kilograms of marijuana. He argues that there was a fatal variance between the indictment, which charged one conspiracy to distribute both cocaine and marijuana, and the evidence at trial, which he says proved there were two conspiracies. He also argues that he was entitled to a mitigating-role downward adjustment. We reject Olea-Coronado's arguments and affirm.

I.

Two brothers, Jamil and Hani Shalash, were involved in a conspiracy with others to distribute cocaine in southern Ohio. After Jamil Shalash was arrested, Hani Shalash decided that the operation should distribute marijuana instead. Some personnel changed, but Hani Shalash relied upon the

same supplier for the marijuana. Hani Shalash would sometimes dispute the weight of a shipment and have to renegotiate with this same supplier.

Olea-Coronado became involved in the operation after the third marijuana shipment arrived. His role was to observe the weighing process to ensure that it was accurate. Olea-Coronado apparently took over for another accountant because his predecessor had not been reliable in returning accurate amounts. Olea-Coronado also counted and sorted money for the drug distributors.

In April 2007, police executed a search warrant for the house used in the operation. Olea-Coronado was found near the kitchen, where there was over $700,000 in cash. A jury convicted Olea-Coronado of conspiracy to distribute between 100 and 1000 kilograms of marijuana, and the district court imposed a 121-month term of imprisonment.

This appeal followed.

II.

Olea-Coronado claims a fatal variance, "a theory of error often raised but seldom seen." *United States v. Williams*, ___ F.3d ___, ___, No. 08-2070, Slip Op. at 7 (July 8, 2010). He did not object below, so we review his claim for plain error. *See United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006).

"A variance to the indictment occurs when the charging terms of the indictment are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." *Caver*, 470 F.3d at 235. In the conspiracy context, a fatal variance occurs only when "the evidence can reasonably be construed *only* as supporting a finding of multiple conspiracies[,]"

viewing the evidence "in the light most favorable to the government." *United States v. Robinson*, 547 F.3d 632, 642 (6th Cir. 2008) (citation omitted).

"The principal considerations to determine the number of conspiracies are the existence of a common goal, the nature of the scheme, and the overlapping of the participants in various dealings." *United States v. Warman*, 578 F.3d 320, 341-42 (6th Cir. 2009). Each member of the conspiracy need not know of or be involved in all the activities that comprise the conspiracy. *United States v. Warner*, 690 F.2d 545, 549 (6th Cir. 1982). Rather each conspirator must merely have "agreed to participate in what he knew to be a collective venture directed toward a common goal." *Id.* Where there is "interdependence of the enterprise[,]" there is a single conspiracy. *Caver*, 470 F.3d at 233.

Here, the common goal remained the same after Jamil Shalash's arrest, but the means to achieve that goal—using marijuana instead of cocaine—changed to accommodate the new circumstances. Much of the personnel and systems remained the same, such that the marijuana phase of the conspiracy had the same "interdependence of enterprise" as the cocaine phase did. *See id.* Thus, that the operation changed from cocaine to marijuana does not mean there were two conspiracies. *See United States v. Wilson*, 168 F.3d 916, 924 (6th Cir. 1999) (finding there can be one conspiracy even if it can be divided into parts). There was no fatal-variance error here.

### III.

Olea-Coronado also argues that he was entitled to a two-to-three-level downward adjustment to his offense level due to his minor role in the conspiracy. We review a district court's mitigating-role determination for clear error. *United States v. Allen*, 516 F.3d 364, 375 (6th Cir. 2008).

The Guidelines provide: "If the defendant was a minimal participant in any criminal activity, decrease by 4 levels[;][i]f the defendant was a minor participant in any criminal activity, decrease by 2 levels[; and,] [i]n cases falling between ['minimal'] and ['minor'], decrease by 3 levels." U.S.S.G. § 3B1.2. A "minimal participant" is one "who plays a minimal role in concerted activity." *Id.* cmt. n.4. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* cmt. n.5.

Here, the district court found that Olea-Coronado played an "integral role" in the drug-distribution conspiracy. The evidence at trial bore that out: before he joined, the conspiracy did not have someone who could ensure the weighings were done accurately. The district court could properly decline to grant a mitigating-role adjustment.

The judgment of the district court is affirmed.